IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY | § | |
| OF SOUTH CAROLINA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-14-110 |
| | § | |
| ICI CONSTRUCTION, INC., ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Gregg Costa, United States Circuit Court Judge (sitting by designation), are competing Motions for Summary Judgment of Plaintiff, Selective Insurance Company of South Carolina (Selective), and Defendant, ICI Construction, Inc. (ICI).  The Motions address ICI's demand for a defense from Selective as an additional insured under a policy insuring Bradley-Barnes Construction Group (Bradley-Barnes), in a pending state court personal injury case arising from the collapse of the steel framing of an auditorium under construction for the Santa Fe Independent School District in March 2011.  ICI was the general contractor for the project and Bradley-Barnes was the sub-contractor for the necessary concrete work.  The state court litigation has been on file for about four and one-half years and appears to be set for trial on October 12, 2015.  Up until now, ICI and Bradley-Barnes are being defended by their own insurers.  While not relevant to the disposition of the Motions, pretrial discovery has all but established, even through ICI's own experts, that the concrete foundation work performed by Bradley-Barnes did not cause or contribute to the collapse of the steel framing at the job site.

Under applicable Texas law[1], to determine whether Selective owes ICI a duty to defend, the Court must generally apply the "eight corners rule" and confine its consideration to the relevant provisions of the insurance policy and the claims alleged in the third-party claimants' petition. Here, Selective's policy provided coverage to ICI "only with respect to liability for bodily injury . . . caused in whole or in part by (Bradley-Barnes's) . . . ongoing operations" or products. The relevant portions of the consolidated petitions mirror each other and all simply name numerous Defendants including ICI and Bradley-Barnes, without any specific factual allegations of what any of those Defendants actually did which may have caused or contributed to the third-party's injuries. More on point, there are no allegations that connect ICI with any of Bradley-Barnes's unidentified operations or products.

Unfortunately, for ICI, it is bound by the sparsely alleged claims. Neither ICI nor the Court may assume or infer facts into the petition to establish a claim that might have been alleged, but was not. Pine Oak Builders v. Great American Lloyds, 279 S.W. 3d 650, 655-56 (Tex. 2009)   Under a strict application of the eight corners rule, Selective has no duty to defend ICI in this case.

---

[1] There is a suggestion by Selective that North Carolina law may apply to this dispute, but this Court disagrees. While the policy was issued in North Carolina to Bradley-Barnes, a North Carolina corporation, Texas courts apply the "most significant relationship test" which, as relevant here, must focus on the place of performance and the location of the subject matter. Accordingly, this Court finds that Texas law applies.

While it is a disfavored practice, some cases applying Texas law have recognized a very narrow exception to the eight corners rule which allows the Court to consider extrinsic evidence if that evidence goes strictly to the fundamental issue of coverage and does not overlap with the merits, truth or falsity of the third-party's allegations.  See GuideOne Elite Insurance Co. v. Fielder Road Baptist Church, 197 S.W. 3d 305, 308 (Tex. 2009); see also, Northfield Insurance Co. v. Loving Home Care, Inc., 363 F.3d 523, 531 (5th Cir. 2004)  Clearly, what has been established through discovery, would not be proper extrinsic evidence under the exception.  The only extrinsic evidence, to support coverage, which might "tie" Bradley-Barnes to any pertinent allegations in the third-party's petitions assertions of negligent concrete work would be the job description of Bradley-Barnes's work contained in its contract with ICI.  According to the contract, Bradley-Barnes was to provide "concrete paving" and "cast in place concrete per plans."  But, no further description of the concrete work is given.  The sole allegation in the petitions explicitly referring to concrete work alleges that the Defendants were negligent "(i)n failing to inspect the anchor bolt placement before, during and after the concrete foundation was poured."  There is also a subsequent allegation that "the foundation" was improperly "designed and/or constructed."  These allegations, however, when compared to the job description, do not establish any potential liability of ICI for Bradley-Barnes's work unless the Court were to draw impermissible and inculpatory inferences that Bradley-Barnes's work involved the placement of the anchor bolts and that the latter reference to the "foundation" is the same concrete foundation mentioned

earlier.  Without an assurance of certainty, the Court should not rely upon extrinsic evidence to determine a duty to defend, even though that evidence may have been actually established during discovery.  Pine Oak, 279 S.W. 3d at 656    This Court, therefore, concludes that even if the relevant extrinsic evidence were used in this case it would be unavailing to ICI's claim for a defense by Selective.

For the foregoing reasons, this Court **RECOMMENDS** that Selective's Motion for Summary Judgment (Instrument no. 14) be **GRANTED** and that the Motion for Summary Judgment (Instrument no. 13) of ICI be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **Friday, March 27, 2015**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

DONE at Galveston, Texas, this _____13th_____ day of March, 2015.

_____
John R. Froeschner
United States Magistrate Judge